PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORNELIU ONILA, | ) | |
| | ) | CASE NO. 1:26CV1719 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SCOTT A. HILDENBRAND, Geauga | ) | |
| County Sheriff, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 5] |

Pending is *Pro Se* Petitioner Corneliu Onila's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1), which only names Geauga County Sheriff Scott A. Hildenbrand as Respondent. The Court has been advised, having reviewed the record, the Petition (ECF No. 1), Respondent's Motion to Dismiss (ECF No. 5), the government's Answer (ECF No. 9),[1] Petitioner's Brief in Response (ECF No. 13 at PageID #: 85-91),[2] and the applicable law.

**I.**

Petitioner is a native and citizen of Moldova. *See* Notice to Appear (ECF No. 9-1) at PageID #: 59, ¶ 1; Respondent's Written Pleadings (ECF No. 9-3) at PageID #: 66, ¶ 3. In May

---

[1] The Court previously ordered the Clerk to send by certified mail copies of the Petition (ECF No. 1) and Order to Show Cause (ECF No. 2) to the U.S. Attorney General and the U.S. Attorney for the Northern District of Ohio. *See* ECF No. 2 at PageID #: 19, ¶ 5; *see also* Returns of Service (ECF Nos. 7 and 11).

28 U.S.C. § 517 allows the Office of the U.S. Attorney to make appearances in court to attend to the United States' interests. The government's Answer (ECF No. 9) is submitted in accordance with that statute. *See* ECF No. 9 at PageID #: 41, n. 1.

[2] The Court granted Petitioner's Motion for Leave to File Brief in Response *Instanter*. *See* Non-document Order dated September 9, 2026.

2022, Petitioner "applied for admission into the United States from Mexico at the San Ysidro Port of Entry[.]" ECF No. 9-1 at PageID #: 59, ¶ 3; ECF No. 9-3 at PageID #: 66, ¶ 3. He was granted parole and released into the United States until May 4, 2023 pursuant to 8 U.S.C. § 1182(d)(5)(A). *See* I-94 (ECF No. 9-2); Record of Deportable/Inadmissible Alien (ECF No. 9-6) at PageID #: 75.[3] U.S. Department of Homeland Security ("DHS") records indicate that Petitioner has not reported to U.S. Immigration and Customs Enforcement ("ICE") since 2023; and had not updated ICE Enforcement and Removal Operations ("ERO") and the Executive Office for Immigration Review ("EOIR") with his current address. *See* ECF No. 9-6 at PageID #: 75. He is married to a U.S. citizen. *See* ECF No. 1 at PageID #: 2, ¶ 7(b). Petitioner was detained by ICE on July 3, 2026. *See* ECF No. 1 at PageID #: 2, ¶ 6; Notice to EOIR: Alien Address (ECF No. 9-5) ECF No. 9-6 at PageID #: 74. At the time of his arrest, Petitioner advised ICE officers that his wife was pregnant with their first child. *See* ECF No. 13 at PageID #: 86. He was placed at the Geauga County Safety Center in relation to an ICE order for removal proceedings. *See* Order of the Immigration Judge (ECF No. 9-4).

## II. ECF No. 5

As an initial matter, the Court must address the identity of the proper respondent. Sheriff Hildenbrand is the warden of the facility where Petitioner is detained. He has filed a Rule 12(b)(6) Motion to Dismiss (ECF No. 5), arguing that he is not the proper respondent. The Court agrees.

---

[3] Parole terminates automatically "(i) upon the departure from the United States of the alien, or, (ii) if not departed, at the expiration of the time for which parole was authorized." 8 C.F.R. § 212.5(e)(1).

A district court must direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243. The government states the ICE Field Office Director is the sole respondent in immigration-detention habeas cases. *See* ECF No. 9 at PageID #: 44. The government argues Petitioner failed to name the proper respondent in the Petition (ECF No. 1), and therefore the Court lacks jurisdiction to decide the Petition. *See* ECF No. 9 at PageID #: 42-44.

The government is correct that it is black-letter law in the Sixth Circuit that the ICE field office director "for the district where a detention facility is located 'has power over' alien habeas corpus petitioners[,]" and is the proper respondent. *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003). "[A] detained alien generally must designate his immediate custodian—the INS District Director for the district where he is being detained—as the respondent to his habeas corpus petition." *Id.* at 322.

The Court previously ordered the Clerk to send by certified mail copies of the Petition (ECF No. 1) and Order to Show Cause (ECF No. 2) to the District Director of Immigration and Customs Enforcement and U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations (ERO), Detroit Field Office. *See* Order (ECF No. 8) (quoting Fed. R. Civ. P. 4(i)(1)(C)); *see also* Returns of Service (ECF Nos. 10 and 12). The court notes ECF No. 8 was filed three days prior to the government's Answer (ECF No. 9), but the government's Answer does not mention this prior Order.

Accordingly, the Court orders that the ICE Field Office Director be substituted for Geauga County Sheriff Scott A. Hildenbrand as the respondent. *See Aguayo Montes v. Hildenbrand*, No. 1:26CV0919 2026 WL 1242898, at *3 (N.D. Ohio May 6, 2026)

(recommending that the Court grant Sheriff Hildenbrand's motion to dismiss and substitute ICE Field Director Kevin Raycraft for former ICE Field Officer Director Rebecca Adducci), report and recommendation adopted in part, *Aguayo Montes v. Hildenbrand*, No. 1:26CV0919 2026 WL 1413066, at *3 (N.D. Ohio May 20, 2026) ("the court will adopt the R&R insofar as it accords with the analysis otherwise stated herein, based on *Lopez-Campos* and the fact that the parties are now in agreement"). In addition, Sheriff Hildenbrand is dropped as a party. *See* Fed. R. Civ. P. 21.

**III.**

According to the government, Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme. It argues that a noncitizen who is detained at the border, but then paroled and released under 8 U.S.C. § 1182(d)(5), is subject to mandatory detention under § 1225(b)(2)(A) at the conclusion of his parole. *See* ECF No. 9 at PageID #: 49.

On May 11, 2026, the U.S. Court of Appeals for the Sixth Circuit, in a split decision, directly addressed the question of whether noncitizens present in the country are entitled to a bond hearing. *See* *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), *petition for cert. docketed*, *Raycraft v. Lopez-Campos*, No. 25-1415 (U.S. June 24, 2026). The Court of Appeals rejected the Government's argument that noncitizens who are already present in the country are "applicant[s] for admission" who are "seeking admission" under 8 U.S.C. § 1225(b)(2)(A), and thus must be detained pending removal proceedings. *Id.* at 723. The Sixth Circuit held that noncitizens already present in the country who are not actively "seeking admission" to the United States are subject to 28 U.S.C. § 1226(a), under which detention is discretionary. *Id.* at 732. It also held that the lower courts did not err in holding that noncitizens detained pursuant to

§ 1226(a) have a Fifth Amendment due process right to an individualized bond hearing before an immigration judge. *Id.* at 734.

*Lopez-Campos* controls here. Therefore, Petitioner is entitled to relief. Because Petitioner was already present in the country when ICE officers detained him in July 2026 and was not actively seeking admission, § 1226(a) controls and he is entitled to a bond hearing. *See* *Sylvain v. Lewis*, No. 4:26-cv-677-RGJ, 2026 WL 3320149, at *5 (W.D. Ky. Nov. 3, 2026) (holding that § 1226(a), and not § 1225, applies to noncitizens who remain in the country after their parole ends); *Martinez Pina v. Bullock*, No. 2:26-cv-02928-SHL-cgc, 2026 WL 2960929, at *2 (W.D. Tenn. Oct. 1, 2026) (finding *Lopez-Campos* analogous when noncitizen was paroled into country and had "lived for a 'significant time. . . within the interior of the United States'" (quoting *Lopez-Campos*, 175 F.4th at 734)); *Artykov v. Dep't of Homeland Sec.*, No. 4:26CV1164, 2026 WL 2247678, at *2 (N.D. Ohio August 5, 2026), *appeal dismissed*, No. 26-3902 (6th Cir. Oct. 20, 2026) (citing *Lopez v. Blanche*, No. 4:26CV1163, 2026 WL 1791253, at *4 (N.D. Ohio June 23, 2026), report and recommendation adopted sub nom. *Lopez v. Acting U.S. Att'y Gen.*, No. 4:26CV1163, 2026 WL 1974695 (N.D. Ohio July 8, 2026)).

**IV.**

For the reasons discussed above,

Respondent's Motion to Dismiss (ECF No. 5) is granted without opposition. The Court orders that the ICE Field Office Director be substituted for Geauga County Sheriff Scott A. Hildenbrand as the respondent. Sheriff Hildenbrand is dropped as a party.

(1:26CV1719)

The Court Orders U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations (ERO), Detroit Field Office to:

1. Within seven (7) days of this Order, afford Petitioner an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before an immigration judge, during which U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations (ERO), Detroit Field Office shall bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or a danger to the community such that his continued detention is justified; or

2. Release Petitioner from custody; and

3. File a status report within 48 hours of the bond hearing or Petitioner's release, but no later than 10 days from the date of this Order, certifying compliance therewith. The report shall inform the Court whether a bond hearing was held. If Petitioner has not been released from custody, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations (ERO), Detroit Field Office shall inform the Court, in detail, of the reasons for his continued detention, including any reasoning of an immigration judge.

IT IS SO ORDERED.

November 13, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge